IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-4,163-27






EX PARTE RAYMOND JACKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W83-95875-U


IN THE 291ST DISTRICT COURT FROM DALLAS COUNTY






 Per curiam.


ORDER



 Applicant was convicted of aggravated sexual assault in 1984 and sentenced to
ninety-nine years' imprisonment. The Fifth Court of Appeals affirmed his conviction. 
Jackson v. State, No. 05-84-00097-CR (Tex. App.-Dallas, delivered May 2, 1985, pet.
ref'd) (not designated for publication). 

 On March 16, 2012, applicant filed an application for a writ of habeas corpus
alleging that he was actually innocent of the crime charged. As proof of his innocence,
applicant relied upon recent DNA testing that excluded him as a contributor of the sperm
specimen obtained from the victim. Applicant attached a Memorandum of Law to his
application that contained further information regarding his claim. 

 The State filed an Amended Answer on April 20, 2012, that agreed that applicant's
claim was meritorious. According to the State, not only did the DNA testing exonerate
applicant and his co-defendant, James Curtis Williams, but it also identified the true
perpetrators of the aggravated sexual assault. The State has acknowledged that both of
the true assailants have admitted their involvement in the crime. 

 On May 16, 2012, the judge of the convicting court signed Agreed Findings of
Fact and Conclusions of Law recommending that this Court grant applicant relief on his
habeas corpus writ application. 

 This Court has not been able to resolve Applicant's writ application in an
expeditious manner because the Dallas County District Clerk did not forward all the
records and materials contemporaneously with the writ application form. Some
supplemental materials, including a sealed exhibit (which should have remained sealed
when sent) were forwarded to this Court after this Court received the writ application. 
However, the Dallas County District Clerk has still not forwarded all of the records and
materials that are or should be part of the habeas record, including a transcript of the writ
hearing.

 Although a deputy clerk certified that the May 23, 2012, transmittal included "a
true and correct transcript of all the matters and proceedings had and done in said cause,"
that was not accurate. Various documents and exhibits were missing from that
transmittal, some of which are still missing. Article 11.07, § 3(d) of the Texas Code of
Criminal Procedure requires the clerk of the convicting court to "transmit to the Court of
Criminal Appeals, under one cover, the application, any answers filed, any motions filed,
transcripts of all depositions and hearings, any affidavits, and any other matters such as
official records used by the court in resolving issues of fact." That is, the statute requires
the clerk to forward all pertinent material in the habeas record, including transcriptions of
all hearings, all exhibits, and all memoranda of law.

 This Court cannot act without a complete record of the habeas application and
hearing, but we do not currently have a complete record. Especially when the judge of
the convicting court has recommended granting relief-and most especially when he
recommends granting relief on the basis of actual innocence-the clerk must act
expeditiously in forwarding all pertinent materials so that this Court may perform its duty.

 THEREFORE, WE ORDER Gary Fitzsimmons, the Clerk of the District Courts of
Dallas County, to forward all remaining materials which are or should be contained in the
habeas corpus record of its writ No. W83-95875-U(P), Raymond Jackson vs. The State of
Texas, to the Court of Criminal Appeals of Texas before 5:00 p.m., Friday, June 15, 2012. 
Failure to file these materials before that time will result in Mr. Fitzsimmons being called
before the Court to show cause why he should not be held in contempt. IT IS SO
ORDERED June 13, 2012.

Publish